IN THE UNITED STATES SOUTHERN
DISTRICT COURT OF TEXAS



JUL 16 2018

David J. Bradley, Clerk of Court

CASE NO.

RICHARD AND BETTY STALONS,
DARREN DELEON
PLAINTIFF(S)
v.

HOUSTON CHRONICAL (COMMUNITY EXTRA), ET AL.,
DOES 1 THRU 5
DEFENDANT(S)

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES,
AND OTHER STATUTORY RELIEF

PURSUANT TO

TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. 227 Et. Seq.),

AND

DEMAND FOR JURY TRIAL

6419 Saffron Hills Drive
Spring, Texas 77379
(281)251-6675

1

## COMPLAINT

RICHARD and BETTY STALONS and DARREN DELEON, known as 'Plaintiff' thereafter, hereby sues HOUSTON CHRONICAL (COMMUNITY EXTRA), ET AL., known as 'Defendant' thereafter for twelve (12) violations of the Telephone Consumer Protection Act (T.C.P.A.), 47 U.S.C. §227 *et seq.* ("TCPA") and regulations promulgated at 47 CFR §§§64.1200-1202. Plaintiff(s) alleges the following redress by this verified complaint is based on upon personal knowledge, verified records and a sworn affidavit as related to all matters mentioned herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b) in this District that Plaintiff is domiciled and the Defendant(s) transacts business here which the alleged unlawful conduct complained of, had occurred.

6. This federal civil action is for *statutory* damages, exceeding $6,000.00.

## PARTIES

7. Plaintiff(s) are domiciled in Spring, Texas.

8. Upon information and belief, Defendant, the "Houston Chronicle" mentioned herein as a Domestic For-Profit Corporation Company with a Texas tax ID no. 17406933907 and is located 4747 Southwest Freeway, Houston, TX 77027 formerly located at 801 Texas St., Houston, Texas 77002.

2

9. Defendant, the "Houston Chronicle" may be owned by 'Hearst Newspapers II, LLC' as a Foreign Limited Liability Company (LLC), FEIN 760556297 whose location is listed at 1021 Main St. Ste. 1150, Houston, Texas.

10. Houston Chronicle and Hearst Newspapers II, LLC has the same registered agent listed as CT Corp system, 1999 Bryan St., Ste. 900, Dallas, Texas 75201 for process of service.

11. Does 1 thru 5 are individuals whose identities are currently unknown to Plaintiff. One or more of these individuals may be joined as parties once their identities are disclosed through discovery.

## FEDERAL QUESTION

12. Did Defendant's agents violate Federal law under specific sections of 47 U.S.C. 227, known as the "Telephone Consumer Protection Act" ?

## I - BACKGROUND

13. Plaintiff files this action to enforce the consumer privacy provisions of the Telephone Consumer Protection Act that Defendant is alleged to have violated.

14. From July 15, 2014 through July 14, 2015, Plaintiff received twelve (12) unauthorized telemarketing calls to their landline telephone as verified Comcast records by Defendant agents to solicit a paid newspaper subscription. E.g. *Kaplan v. Democrat & Chron.*, 701 N.Y.S.2d 859 (N.Y. App. Div. 1999).

15. Since February 17, 2012, Plaintiff's home phone has been officially registered on the National "*Do Not Call*" database as verified by F.T.C.'s registry.

16. Plaintiff is within the federal four year statute of limitations which began on July 15, 2014. The TCPA claims are governed under 28 U.S.C. 1658(a). *Giovanniello v. ALM Media, L.L.C.*, 726 F.3d 106 (2nd Cir. 2013).

17. At all times, each telemarketing call incorporated an initial long pause (5-20 seconds) before an agent began speaking or before a recorded message would play. This pattern is customary with autodialers and prerecorded message calls.

18. Plaintiff (Darren) asked each agent, "*who do you represent?*" Each agent stated, "*I represent Community Extra*". The telemarketers are identified as Brandy, Cody, Barbara, Bradon, Jacob and Kyla. See: sworn affidavit. **Exhibit "1"**.

19. Plaintiffs enter certified copies of their telephone records by Comcast's legal dept. as competent, substantive evidence to validate a 'proof of claim'. Fed. R. Evid. Rule 902 - *Evidence that is self-authenticating*. **Exhibit "2"**.

20. As defined in 47 U.S.C. 227, these telemarketing calls lacked: **1)** No prior written consent by any household member, (b)(1)(B); **2)** No prior business relationship expressing a commercial purpose, (a)(2); **3)** Not made for emergency purposes, (b)(1)(A); **4)** Not made by an exempt organization, (2)(F).

21. Defendants' acts were a nuisance and invasion of privacy especially while caring (24 hrs) for Betty's 94 year old mother suffering from stage-4 dementia.

4

## **GENERAL ALLEGATIONS**

22. Plaintiffs file this action, '*pro se,* since they are not trained in law and are to be held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981) and to be given reasonable opportunity to amend any defects. *Platsky v. CIA*,953 F.2d 26 (2nd Cir. 1991).

23. Since February 17, 2012, Plaintiff's home phone has been officially registered on the National "*Do Not Call*" database which is designed by Congress to protect and prohibit unconsented and unauthorized telemarketing sales calls.

24. In the most recent TCPA ruling, Massachusetts Supreme Court ruled that 'robo-calls are harassment'. *Armata v. Target Corp.*, SJC-12448, June 25, 2018.

25. Any household member has standing to sue, not just account holder for TCPA violations. *Margulis v. P&M* Consulting, 121 S.W.3d 246 (Mo. App. 2003).

26. Plaintiff need not prove any monetary loss or actual damages to recover the statutory penalty. *Lary v. America Med. Practice Servs.*, 909 So. 2d 204 (Ala. Civ. App. 2005); *Kaplan v. Democrat & Chron., supra.*

27. The courts have also awarded treble damages "if" a defendant's violations were "*willful* or *knowing*" under 47 U.S.C. 227(b)(3). Defendant had prior knowledge of their repeated acts of twelve (12) unauthorized telemarketing calls made within one year would be a clear violation of the TCPA as seen by their own research addressing liability in their many news articles published on TCPA.

28. Defendant published past articles[1] proving they had prior first-hand knowledge based on their own research on liability for any person who violates the TCPA.

- *"Mayoral Race, Text outreach has benefits & pitfalls"*, Oct. 5, 2013 Mike Morris;
- *"Text spam swamping final refuge"* - April 8, 2012;
- *"Telemarketing Do Not Call Registry with 150 million listings is likely to be renewed, meaning you won't have to act again to keep your phone quiet"* by Eileen Powell, Purvapatel Associated press, staff - January 21, 2008;
- *"No-Call List Cheers Folks with Telemarketing, Hang-up"* by Darrin Schlegel on July 10, 2002;
- *"Telemarketers' Lists to Shrink as No-Call law Begins"*, by Angela K. Brown, on July 1, 2002;
- *"One-man crusade: Recipient of recorded telemarketing solicitations wins $5,000 in lawsuit"* by Jo Ann Zuniga, Staff - May 11, 2002;
- *"Texans Sign up in Droves to Block Telemarketers"* – Jan. 8, 2002 http://www.chron.com/cs/CDA/story.hts/front/

29. Plaintiff meets the burden to establish for treble damages and has proven defendant knew that it acted or failed to act in a certain manner, not that the conduct itself constituted a violation of law, *supra*. Treble damages do not require malicious or unjustifiable conduct but satisfied by 'knowing' conduct.

30. This court shall take judicial notice, Fed. R. Evid. Rule 201(c)(2) of a finding of *'willfulness'* does not require bad faith. Citing to *Texas v. Am. Blastfax, Inc.* case the court held that it does require that the caller "have reason to know, or should have known, that his conduct would violate the statute." 164 F. Supp. 2d

---

[1] http://nl.newsbank.com/nlsearch/we/Archives?p_product=HCBF&p_theme=hcbf&p_action=search&p_maxdocs=200&s_dispstring=telephone%20consumer%20protection%20act%20AND%20date(all)&p_field_advanced-0=&p_text_advanced-0=(telephone%20consumer%20protection%20act)&xcal_numdocs=50&p_perpage=25&p_sort=YMD_date:D&xcal_useweights=no

892, 899-901 (W.D. Tex. 2001). The Court sustained the "well-established" rule that "at a minimum, a principal is liable for willful acts of his agent committed within the scope of an agent's actual authority."

31. The court found in the context of the TCPA, 47 U.S.C.227(b)(3), the term "*willfully*" means "*defendant acted voluntarily under its own free will, despite of whether defendant knew that it was acting in violation of the statute*".

32. Under the Communications Act of 1943, as a part of the TCPA defines "*willful*" as "*conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation.*" See: "*repeated*"

33. Defendant knew its premeditated telemarketing acts were a violation of the TCPA, *supra*, as 'willful blindness' since their actions would conflict with the long-established legal principle *that "ignorance of the law is no excuse"*.[2] In 137 Congressional Record 30, 821–30, 822 (1991), Senator Hollings stated:

"*calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.*"

34. Prior to filing a civil action, Plaintiffs twice attempted to amicably resolve this matter "*in good faith*' as not to further burden the parties or the federal courts that are already overburdened and to rebut any of Plaintiff's allegations of TCPA violations but without success. Defendant failed to reply by their silence.

---

[2] See: *Amer. Home Servs., Inc. v. A Fast Sign Co., Inc.*, 747 S.E.2d 205, 208-209 (Ga. App. 2013); *Krakauer v. Dish Network LLC*, 14-333 (M.D. N.C. 2017).

35. On July 11, 2018, Plaintiff sent (1) a "Demand & Notice to Respond", by U.S. certified mail, receipt no. 70160600000091637462, delivered to Defendant's agent on June 14, 2018 to their mailing address of P.O. Box 4260, Houston, TX 77210. **Exhibit "3"**. Then again on July 25, 2018, Plaintiffs sent (2) a "Final Notice to litigate", sent by U.S. postal mail service. **Exhibit "4"**.

36. A 'notice of legal responsibility is *"the first essential of due process of law"*[3]. Furthermore, a court proceeding is not a requirement of due process yet it satisfies the due process clause[4] by giving notice. E.g. IRS 'notice of tax lien'.

37. It is well known by the courts that 'silence is considered an admission of guilt in civil matters' ('Admissions by silence', 32 AmJur 2d 253) and that 'silence gives consent in business life'. Maxim: *"He who does not deny, admits"*.

38. Summary judgment is appropriate, Fed.R.Civ.P. 56(a), where a moving party has carried its burden under Rule 56(c), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986) and "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See: *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 694 (5th Cir.2014).

---

[3] Connally v. General Construction Co., 269 U.S. 385, 391 (1926)
[4] *Ballard v. Hunter,* 204 U.S. 241, 255 (1907); *Palmer v. McMahon,* 133 U.S. 660, 668 (1890).

39. Congress and FCC has repeatedly stated that 'telemarketing calls is one of the most invasive practices as an obnoxious and unwanted intrusion into the privacy of a consumer's home'.

40. This matter is based upon one essential question of law, "Did Defendant through its agents, violate federal law of sections of 47 U.S.C. 227? Unequivocally, they most certainly did.

## COUNT I - TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. 227)

41. The TCPA makes it unlawful for any *'person'* within the United States . . . *to make any call using any automatic telephone dialing system or an artificial or prerecorded voice* pursuant to 47 U.S.C. 227(b)(1)(A)(B).

42. Defendant(s) demonstrated *"willful"* and *"deliberate"* acts under 47 U.S.C. 227(b)(1)(A) and (b)(3)(C) by using an automatic telephone dialing system to call Plaintiff's home landline on twelve (12) separate occasions within one year.

43. Plaintiffs are entitled to damages of $500 for the first call and up to $1500 each call thereafter (11) per each TCPA violation under 47 U.S.C. 227(b)(3), subject to the court's discretion as an actionable ground under 47 U.S.C 227(c)(5) as a claim in which relief can be granted in Plaintiffs' favor.

## COUNT TWO – Intrusion upon Seclusion

44. Plaintiffs allege Defendants telemarketing calls were a nuisance and invasion of their privacy of very harm that TCPA was created to prevent which had satisfied the concreteness component of Article III's standing.

45. The elements have been met for this cause of action by Defendant's invasion of privacy as 'intrusion on seclusion':

A) Defendant intentionally intruded on Plaintiffs' solitude, seclusion or private affairs and;

B) The intrusion would be highly offensive to a reasonable person. Especially in considering Plaintiffs were already over-taxed for caring for Plaintiff (Betty) 94 year old mother suffering from stage-4 dementia and fictitious delusions requiring 24 hours per day, 7 days a week of supervision and custodial care.

## COUNT THREE – NEGLIGENCE

46. Defendant breached their legal duty of reasonable care under public policy by their non-compliance under the TPCA in failing to 'scrub' their telemarketing lists against the National 'Do-Not-Call' database list before initiating one telemarketing call made to Plaintiffs' home phone number thus repeatedly intruding upon Plaintiffs' right to privacy.

47. Plaintiff was damaged as a direct result of Defendant's breach.

WHEREFORE, Plaintiff moves this honorable Court to grant the following relief: The Defendant(s) has demonstrated repeated 'willful' and 'deliberate' acts in direct violation of 47 U.S.C. 227(b)(1) and all calls actionable under 47 U.S.C. 227(c)(5).

Plaintiff alleges and incorporates the information in paragraphs 1 through 47.

1. Adjudging that Defendant(s) violated sections of the TCPA, 47 U.S.C. 227;
2. Award Plaintiff *statutory* damages pursuant to 47 U.S.C. 227(c)(5) as an actionable ground as a claim in which relief can be granted, of $500 for the first call and requests treble damages of $1500 for each call thereafter (11) made as clearly shown to be *"willful"*, *"repeated"* and *"deliberate"* acts as established;
3. Award Plaintiff any fees and costs incurred in this civil action;
4. Award Plaintiff any post-judgment interest as allowed under the law;
5. Award Injunctive relief prohibiting Defendant(s) such acts in the future;
6. Award of all attorneys' fees and costs for Plaintiff, if any;
7. Such other monetary award as the Court deems just and proper

    (a) By protecting the public from such unethical conduct;

    (b) Sufficient to punish the violations;

    (c) Severe enough to deter others prone to commit similar violations;

8. Award such other and further relief as the Court may deem just and proper;
9. Demand for Jury Trial for all counts so treble as a matter of law;

_____
RICHARD STALONS, Plaintiff,
All rights reserved without recourse or prejudice.

_____
BETTY STALONS, Plaintiff,
All rights reserved without recourse or prejudice.

_____
DARREN DELEON, Plaintiff
All rights reserved without recourse or prejudice.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a two copies of this verified complaint (exhibits and memorandum to be furnished shorter after) was furnished to the U.S. District Court for the Southern District of Texas, 515 Rusk Ave., Houston, TX, 77002 and Defendant, Houston Chronicle, ~~4747 Southwest Freeway, Houston, TX 77027~~ by U.S. Postal Mail on this 13th day of July 2018. c/o CT Corp System, 1999 Bryan St., # 900, Dallas TX 75201

_____
RICHARD STALONS, Plaintiff,

_____
BETTY STALONS, Plaintiff,

_____
DARREN DELEON, Plaintiff

12